## THE STATE v. NOBLE.

1. **Criminal Evidence:** ASSAULT WITH INTENT TO MURDER: CONDUCT OF DEFENDANT IN VIEW OF THREATS. Where there was evidence tending to show that the person assailed had threatened to whip and kill the defendant, the defendant might testify as to what he did in the presence of the person assailed to avoid a collision with him, but not what he did elsewhere, and in general, to prevent the execution of the threats.

2. ———: CONFLICT: VERDICT NOT DISTURBED ON APPEAL. The evidence being in conflict, the verdict of guilty cannot be disturbed on appeal to this court.

3. **Criminal Practice:** IMPROPER QUESTIONS BY DISTRICT ATTORNEY: PREJUDICE FROM INNUENDOES. The district attorney in this case insisted upon asking improper questions containing innuendoes unfavorable to defendant, but the court excluded the questions. *Held* that the effect of the court's rulings was to advise the jury that the questions ought not to be considered, and that no reversal could be had on the presumption that the jury had been influenced by the questions to defendant's prejudice.

*Appeal from Harrison District Court.*

FRIDAY, JUNE 12.

THE defendant was indicted for an assault with intent to murder. He was tried, and convicted of the crime charged, and he appeals.

*F. M. Dance* and *J. W. Barnhart*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—I. The evidence shows that on the twenty-ninth day of June, 1883, in the store of one Fensler, in the town of Missouri Valley, the defendant fired three shots from a revolver, one of which struck one Lorenzo Preston in the left side of the body, and inflicted a serious wound. There had been previous ill-feeling between the parties, and the

evidence tended to show that Preston had threatened to whip and to kill the defendant, and that defendant was advised of the threats so made. The defendant was examined as a witness, and he was asked by his counsel what he did "between the time that the threats were made and the meeting in Fensler's store, to prevent Preston from putting his threats into execution." An objection to this evidence was sustained. The defendant claims that this ruling of the court was erroneous and prejudicial to him. We think the court did not err in excluding an answer to the question in this general form. It was material only to inquire as to what the defendant did in the presence of Preston to avoid a collision with him. It is true, it would have been proper to inquire why he was armed with a revolver, and other like questions tending to show that he apprehended danger from meeting Preston. But we think it would have been far too wide a range to allow the defendant to detail to the jury his own acts and movements from the time the threats were made to the meeting in Fensler's store.

II. The defendant requested the court to give to the jury some sixteen instructions. These instructions were about of the usual length. The court gave six of the instructions asked, and refused to give the others, and on its own motion charged the jury very fully upon the law applicable to the case as made by the evidence. Complaint is made of the refusal to give some of the instructions asked, and it is claimed that the instructions given were insufficient and misleading. A careful examination of the instructions given and those refused has led us to the conclusion that the action of the court in regard to the instructions was proper, and in no manner unfair or prejudicial to the defendant. It appears to us that the charge given to the jury was exceptionally concise, clear, full, and fair towards the defendant.

III. It is urged that the verdict was not supported by sufficient evidence, and that it was contrary to the instruc-

2. ——: conflict: verdict not disturbed on appeal. tions as given by the court to the jury. It is not disputed that the defendant was armed with a revolver, and that he shot and seriously wounded the complaining witness. It is claimed that the act was done in proper self-defense. The evidence is in conflict on this question, and we do not feel at liberty to interfere with the verdict of the jury, and the action of the trial court in overruling the motion for a new trial.

IV. The district attorney propounded to one of the witnesses, and also to the defendant, in cross-examining him as a witness, some improper questions. The defendant's counsel promptly objected to the questions, and the objections were sustained by the court. Counsel for defendant claim that the defendant was prejudiced by the innuendoes contained in the questions, notwithstanding they were held by the court to be improper. While we cannot approve of the persistency with which the district attorney pursued this line of improper examination of the witnesses, we are not prepared to say that it was such misconduct as requires us to reverse the judgment. The rulings of the court were equivalent to a statement from the court to the jury that the questions were improper, and ought not to be considered by them; and we cannot presume that the jury were not capable of being guided by the rulings of the court.

3. CRIMINAL practice: improper questions by district attorney: prejudice from innuendoes.

AFFIRMED.