## THE STATE v. CUMMINS.

76  133
98  210
76  133
110  628
76  133
f133  495

1. **Intoxicating Liquors:** ILLEGAL SALE BY PHARMACIST: EXAMINATION OF PURCHASER. On the trial of a registered pharmacist for the illegal sale of intoxicating liquors, where a witness for the state testified that he had purchased liquors of the defendant, but that they were for medical purposes, it was proper for the state to ask him how often he had been sick within the time, what his ailments were when he made the purchases, and their effect upon his appearance, for the purpose of showing; if it could, that the claim of sickness was a mere pretense, and that the defendant had reasonable grounds for knowing that fact.

2. —— : —— : REFRESHING MEMORY OF WITNESSES. In such case it was proper for the state to ask its witnesses if they had not at another time testified to facts in conflict with testimony they had just given,—for the purpose of refreshing their recollection.

3. —— : —— : WITNESS NOT BEFORE GRAND JURY: ERROR CURED. In such case, error in permitting the state to introduce a witness who had not been before the grand jury, and of whose testimony no notice had been given, was without prejudice, where the testimony of the witness related solely to the habits of a person to whom the evidence failed to show any sale of liquor, and all this evidence was taken by the court from the jury.

4. —— : —— : EVIDENCE: REPORTS TO AUDITOR. In such case the reports of sales made by the pharmacist to the county auditor, as required by law, were competent evidence against him. (See *State v. Matlock,* 70 Iowa, 229; *State v. Smith,* 74 Iowa, 580.)

5. ———: ———: CONVICTION: EVIDENCE TO SUPPORT VERDICT. In this case the defendant's reports to the county auditor showed nearly three thousand sales, and the burden was on him to show that these were all legal. (Laws of 1886, chap. 66, sec. 8; *Shear v. Green*, 73 Iowa, 688; *State v. Cloughly*, 73 Iowa, 626.) There is nothing in the record to show what evidence of illegal sales was apparent on the face of these reports. *Held* that a verdict of guilty could not be set aside on appeal for want of evidence, though the defendant testified that the sales were all legal.

*Appeal from Appanoose District Court.*— HON. DELL STUART, Judge.

FILED, OCTOBER 30, 1888.

THE defendant was indicted for the crime of nuisance alleged to have been committed by the illegal sale of intoxicating liquors. There wâs a trial to a jury and a verdict and judgment, in favor of plaintiff. The defendant-appeals.

*T. M. Fee*, for appellant.

*A. J. Baker*, Attorney General, for the State.

ROBINSON J.—During the time covered by the indictment the defendant was a registered pharmacist, and held a permit, issued by the proper board of supervisors, which authorized him to sell intoxicating liquors for mechanical, medicinal, culinary and sacramental purposes. Sales of intoxicating liquors are admitted by defendant, but he claims to have made no sales unless authorized by law for medicinal purposes.

I. A witness for the state testified that he had purchased alcohol and whisky of defendant at the place and within the time charged in the indictment, but that the liquors so purchased were for medicinal purposes only. He was then asked how many times he was sick in 1888; what his physical ailments were when he made the purchases, and their effect upon his appearance. Objections to these and other questions of a like character were made by defendant, but overruled. He now complains of these rulings. We think they were correct.

*[margin note: 1. INTOXICATING liquors: illegal sale by pharmacist: examination of purchaser.]*

In cases of this kind it is not unusual for the purchaser of liquor illegally sold to endeavor to shield the seller from the consequences of his unlawful act. The state should not be compelled to accept the conclusions of the purchaser as to the object for which the purchase was made, but should be permitted to inquire into the facts, and show, if it can do so, that the alleged object of the purchase was a mere pretense, made to give color of legality to the transaction, and that the defendant knew, or had reasonable grounds for knowing, that fact. The questions under consideration were designed to show the circumstances under which the sales were made, and to show whether or not they were made in good faith, and for purposes authorized by law. If the liquor sold was used for a purpose for which defendant was not authorized to sell it, he cannot exonerate himself from liability by showing that the purchaser stated that he desired it for a lawful purpose, if the facts known to the seller were such as to give reasonable grounds for believing that the purchaser was not acting in good faith, or if the seller failed to exercise due care to ascertain the real intent of the purchaser.

II. Some of the witnesses for the state were asked, on direct examination, if they had not at another time testified to facts in conflict with testimony they had just given. Appellant complains of the ruling of the court in permitting such questions to be answered. It was competent for the state to call the attention of witnesses to testimony given by them at another time, for the purpose of refreshing their recollection, and the questions objected to seem to have been asked for that purpose. We discover no error in permitting them to be answered.

*2. —: —: refreshing memory of witnesses.*

III. The state was permitted to introduce witnesses in support of the indictment who were not examined before the grand jury, and of whose testimony no notice had been given. It may be conceded that the showing of diligence to procure this testimony was insufficient. But the testimony of the witnesses so introduced related

*3. —: —: witness not before grand jury: error cured.*

solely to the habits of one Daniel Sullivan with respect to becoming intoxicated. So far as the record shows, defendant never sold any liquor to Sullivan, and all this evidence was taken from the jury by the charge of the court. Under these circumstances we do not think the defendant could have been prejudiced by the testimony in question.

IV. It is claimed by appellant that the court erred in permitting the state to introduce in evidence certain

4. ——:——: evidence: reports to auditor. reports made by defendant, and filed in the office of the county auditor, as required by section 2, chapter 83, Laws of 1886, on the ground that defendant could not be compelled to furnish evidence against himself. But this court has held that these reports are not open to the objection made. *State v. Smith*, 74 Iowa, 580. See, also, *State v. Matlock*, 70 Iowa, 229.

V. It is insisted by appellant that the evidence does not sustain the verdict. It is shown by the record

5. ——:——: conviction: evidence to support verdict. that evidence was introduced in the form of reports made by defendant, and filed with the county auditor, which tended to show nearly three thousand sales. The burden was on defendant to show that these sales were legal. Section 8, ch. 66, Laws 1886; *Shear v. Green*, 73 Iowa, 688; *State v. Cloughly*, 73 Iowa, 262. The reports so introduced are not abstracted, nor are they set out in the transcript. There is nothing to show the kinds nor amounts of liquors sold, nor the persons to whom the sales were made, excepting in a few cases. We cannot say that defendant showed that all the sales were legal. It is true he testified that the sales in question were legal, but the reports may have disclosed such facts as to justify the jury in concluding that his evidence was not sufficient to overcome the presumption raised by the statute. We should not be justified in disturbing the judgment for want of evidence to support it.

VI. Other questions discussed by counsel are not of sufficient importance to justify an extended mention

of them. We have examined the record with care, but have not found any error of a nature to prejudice defendant. The judgment of the district court is therefore AFFIRMED.