MICHAEL F. McNAMARA, Administrator, Appellant, v. CORPORATION OF NEW MELLERAY, Appellee.

1. **Conversion by Bailee: ACTION BY ADMINISTRATOR:. EVIDENCE.** In an action by an administrator to recover for bonds alleged to have been deposited by a decedent with, and to have been converted by, the defendant, *held*, that it was error to exclude questions asked of the plaintiff touching his knowledge as to whether or not the decedent, at and before the time of the alleged deposit, owned any such bonds.

2. ———: ———: ———. In such case, a receipt for the bonds in question, signed by one M., in his individual capacity, was improperly excluded as being incompetent, irrelevant and immaterial, where there was evidence that M. had acted for the defendant corporation in its dealings, and had uniformly signed his individual name to receipts given for money and property received by the corporation through him as its agent.

.3. ——: ——: ——. In such case it was not improper to exclude what certain persons who were related to the corporation, said to the witness in regard to the bonds when he demanded their return, because it was not shown that such persons were authorized to bind the corporation.

4. ——: ——: ——. There being evidence strongly tending to show that M. was the defendant's agent, and authorized to speak for it as to its financial matters, it was error to exclude questions asked of an assessor as to what M. said to him in regard to the amount of money, credits or other property which the defendant held belonging to the decedent.

.5. Evidence: ERRONEOUS EXCLUSION: 'PREJUDICE PRESUMED. When testimony is erroneously excluded, prejudice is presumed; and the error can not be disregarded, unless from the record it appears that it has worked no prejudice to the objecting party. The mere fact that the objecting party has not made a case for the jury does not negative the presumption of prejudice, for his failure to make a case may be the result of the error complained of.

*Appeal from Dubuque District Court.*—Hon. John J. Ney, Judge.

WEDNESDAY, MAY 24, 1893.

ACTION against the defendant for the recovery of nine thousand dollars, being the proceeds of United States bonds which the plaintiff claims the defendant received from the decedent, John McNamara, and converted to its own use. From a verdict and judgment for the defendant, the plaintiff appeals.—*Reversed.*

*William Graham* and *J. H. Shields,* for appellant.

*W. J. Knight* and *W. E. Utt,* for appellee.

KINNE, J.—Plaintiff claims that in October, 1873, one John McNamara, now deceased, being the owner of United States bonds of the par value of five thousand dollars, deposited the same with the defendant for safe keeping; that the defendant is a corporation; that it unlawfully converted said bonds to its own use; that John McNamara died March 11, 1881, and that the

plaintiff is the administrator of his estate; that the defendant has refused to return said bonds.

The defendant denied each allegation of the petition; also pleaded the statute of limitations; and averred that the decedent, though he lived for more than six years after the alleged deposit, never made any claim on the defendant for said bonds.

I.    Several questions were asked the plaintiff touching his knowledge as to whether or not the deceased in 1870, 1871, 1872, and prior to October 1, 1873, was the owner of any United States bonds.    Each of them was objected to as incompetent, irrelevant, and immaterial, and the objections sustained.    This was error.    The action was for the conversion of certain United States bonds.    It was essential that the plaintiff should establish that the bonds converted by the defendant, if any, belonged to the decedent.    The questions called for testimony to establish the fact that the decedent was the owner of these bonds at and prior to the time it is claimed they were by him placed in the defendant's custody.    The evidence, then, was competent, relevant, and material to the issue presented, and should have been admitted. Because it might turn out in the further progress of the case that such evidence would not avail the plaintiff because of his failure to establish some other essential fact, was a presumption that the court had no right to indulge in to the extent of excluding proper evidence, which was offered in regular order.    Counsel can not establish all the facts in a case at the same time. Of necessity, he must introduce the evidence step by step, item by item, and, when competent evidence is rejected, the party ruled against may rely upon such error.    *Hollenbeck v. Stanberry*, 38 Iowa, 326.

1. Conversion by bailee: action by administrator: evidence.

II.    The plaintiff offered in evidence the following paper:

"New Melleray, Oct. 1st, 1873.

"Received from John McNamara five thousand dollars in United States bonds for safe keeping.

"John B. Murphy."

This was ruled out as incompetent, irrelevant, and immaterial, and plaintiff excepted. It is urged this writing purports to bind Murphy individually, and hence was inadmissible. It occurs to us that, while on the face of the receipt it appeared to be the obligation of Murphy alone, yet, in view of the fact that the evidence then introduced showed that Murphy acted as the agent for the corporation in its dealings had with the outside world, and had uniformly signed his individual name to receipts given for money and property received for the corporation by him as agent, the receipt should have been admitted. Of itself, it is true, it might not show any obligation on the part of the corporation, but it was proper to be received in connection with other evidence which might connect it with the defendant as an act done for it, and in its behalf. The receipt showed, *prima facie*, at least, that Murphy had received the bonds of the decedent. When it was introduced the plaintiff had the right to show the position Murphy held in the corporation, and his relation to it, and other facts which might tend to show that these bonds actually went into the possession of the defendant. It was one step in making the plaintiff's case.

Counsel for the appellee cite cases which decide questions which may go to the merits of this case. We are not now passing on the merits of this case, but on the errors of the trial court, which prevented the plaintiff from showing whether he had a case or not. Counsel also argue that parol evidence would not be admissible to show that Murphy intended by this receipt to bind the corporation. That is a question, so far as this record shows, not raised below.

III. The plaintiff was asked as a witness what

Father Aberic or Father Bernard said to him in regard to the bonds in 1881, when he demanded their return. This was objected to, because it was not yet shown that they were authorized to bind the corporation, and the objection was sustained. We think, in view of the evidence then in, the ruling was proper.

IV. One Johnson was asked several questions as to whether, when he was assessor, he made inquiry of Murphy, as agent of the defendant, as to the amount of money, credits or other property which the defendant held belonging to. the deceased, and, if so, what reply Murphy made. An objection was made to these questions, on the grounds before stated. If Murphy was the agent of the defendant, and authorized to speak for it as to its financial matters, it would seem that the testimony was competent; and, if competent, we can not say that it was not relevant and material. It is urged that the testimony was not competent because Murphy's authority to bind the corporation had not been shown. We think the evidence tends strongly to show that Murphy was the agent for the defendant in the management of all its business and financial affairs. Whether the declarations proposed to be proved related to a matter within the scope of his agency is not so clear. It seems to us that the condition of the record was such as that the witness should have been permitted to answer. As we have said, a case can only be established item by item.

V. But it is urged that the exclusion of all this evidence was without prejudice, as the plaintiff did not establish the essential facts which would have justified the court in submitting the case to the jury. It may be conceded that on the record there was no case to submit to a jury; that all the facts necessary for the plaintiff to recover are not proved; and, ordinarily, that would

end in our affirmance of the judgment below. We do not know whether the plaintiff would have succeeded in making such a case as the court should have submitted to the jury if he had been permitted to introduce the evidence which was improperly excluded. We can not tell to what extent, if at all, the ruling out of this material evidence prevented him from establishing the facts necessary to his recovery. It frequently happens that when material and competent testimony is ruled out, it prevents the party from introducing other proper evidence. We are not unmindful of the rule that great latitude is allowed the trial court as to the order of introducing testimony; and this should be so, to the end that business may be facilitated.; but in this case there was no suggestion from the court that counsel for the plaintiff should introduce his testimony in any certain order, or that the offered testimony would be proper at some other stage of the case, or when some other fact had been established. We think, when competent and material testimony is thus ruled out, it will not do to say that it is without prejudice, because plaintiff failed to make a case, for it is impossible for any one to say, if the testimony improperly excluded had been admitted, and possibly other evidence depending upon it, whether the plaintiff would have made a case entitling him to go to a jury or not. The rule is that, when errors appear, prejudice is presumed to result therefrom; and it can not be disregarded, unless from the record it appears that the error has worked no prejudice to the objecting party. We can not say that such is the case. *George v. K., D. & M. R'y Co.*, 53 Iowa, 503; *Strobel v. Moser*, 70 Iowa, 126; *Hall v. C., R. I. & P. R'y Co.*, 84 Iowa, 311; *Hibbard v. Zenor*, 75 Iowa, 471; Elliott, Appellate Procedure, sections 594, 610. We think the case should be tried again, when the plaintiff may have an opportunity to present his evidence which is competent, relevant and material. Reversed.