STATE OF IOWA, Appellee, v. JOHN M. FAHEY, Appellant.

WITNESSES:    Examination—Retention   of   Nonresponsive   Answer.
1  The court does not necessarily have to strike the nonresponsive answer of a witness when the answer reveals competent testimony. So held relative to the issue whether a party was intoxicated.

CRIMINAL LAW:    Trial—Right of Defendant to Testify—Improper
2  Reference. Error in a reference by the State to the defendant's right to testify is obviated by the defendant's becoming a witness in his own behalf.

CRIMINAL LAW:    Evidence—Demonstrative Evidence—Appearance of
3  Automobile Lights. Demonstrations in court as to the appearance of automobile lights on the occasion of a collision in the public highway are properly rejected when the time and conditions of the demonstration are not shown to be the same as at the collision in question.

**MOTOR VEHICLES:** Operation While Intoxicated—Evidence. Evi-
4    dence held to sustain a verdict of guilty of operating a motor ve-
hicle while intoxicated.

Headnote 1:  16 C. J. p. 883 (Anno.)  Headnote 2:  16 C. J. p. 1117.
Headnote 3:  16 C. J. p. 810.  Headnote 4:  28 Cyc. p. 50.

*Appeal from Franklin District Court.*—B. R. BRYSON, Judge.

MARCH 9, 1926.

THE defendant was convicted in the court below of the crime of driving an automobile while intoxicated, and appeals. —*Affirmed.*

*F. J. McGreevy* and *Gareld Leming,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

STEVENS, J.—Appellant assigns a series of alleged errors, but few of which, it is contended, if any, standing alone, present a ground for reversal; but it is contended that, when the record is considered as a whole, it discloses that appellant did not have a fair trial. The exceptions urged relate to rulings of the court on the admission of evidence, and to the conduct of counsel for the State. Many of the exceptions relied upon are so clearly without merit that we shall not discuss them separately.

I. The court permitted the State to ask leading questions of some of the witnesses, over the objection of appellant. Leading questions should always be avoided by counsel, if possible; but, to justify a reversal on that ground, prejudice must be shown. There was none in this case.

II. Joe Abkes, a witness for the State, testified on the preliminary hearing had before a justice of the peace. Upon reexamination by counsel for the State, he was interrogated as to whether he did not then testify that he saw appellant in a restaurant, shortly prior to the accident which was the *immediate occasion* of appellant's arrest, and to which we will refer later, and that he staggered, and "looked like he had been drink-

1. WITNESSES: examination: retention of nonresponsive answer.

ing." The witness, after numerous objections and rulings by the court, testified that he did not remember what he said at the preliminary hearing, but that appellant "sort of staggered." The answer was, perhaps, not responsive, but the evidence was clearly admissible. Conceding that the objections to the form of the question might well have been sustained, yet we think the court did not commit reversible error in permitting it to stand. It is always permissible for witnesses to express an opinion as to a person's appearance, conversation, and manner of walking, as tending to prove intoxication.

While other errors, based upon the court's ruling on objections to testimony offered by the State, are assigned as grounds for reversal, they are without merit, and will not be given further consideration.

III. Numerous exceptions were taken to the closing argument of counsel for the State. The argument is not set out in the record, and but a fragment of what was said is before us. Some of the objections were sustained by the court, counsel admonished, and the jury instructed not to consider the objectionable statements of counsel. The record is meager, and does not, in our judgment, show that any substantial prejudice could have resulted to appellant on account of the remarks of counsel, even if improper. The record discloses more of the altercation between counsel than of the language employed in the argument. No reversible error is here shown.

IV. During the progress of the trial, counsel for the State objected to the competency of certain testimony sought to be introduced by appellant, and, as a part of the objection, stated that the defendant could take the stand and testify fully on the point. Appellant now contends that the reference by counsel for the State to what he might testify to was a clear violation of Section 13891 of the Code of 1924; but, in view of the fact that appellant later took the stand and testified fully as to all matters touching his defense, we think the error, if any, was clearly waived. Appellant, however, interprets the conduct of counsel as an effort on his part to force appellant to take the stand in his own behalf, and alleges that such conduct in the presence of the jury was unfair and prejudicial. The record

2. CRIMINAL LAW: trial: right of defendant to testify: improper reference.

does not bear out the interpretation placed by appellant upon the conduct of counsel for the State. We think no prejudice resulted from the remark of counsel for the prosecution.

V. The automobile of appellant which he was driving on the public highway collided with another car about 8 o'clock in the evening on or about August 3, 1924. The collision occurred on the left-hand side of the highway. One of the claims of appellant was that he was blinded by the light of the approaching car, and unable to see where he was going. Counsel sought upon the trial to demonstrate the appearance of the light as the cars approached each other. The court refused to permit the demonstration to be made in the presence of the jury, upon the ground that the time and conditions were not shown to be the same as at the time of the collision. The ruling was clearly correct. It was impossible, under the circumstances shown, to have reproduced the situation as it appeared to appellant immediately preceding the collision. The conditions were dissimilar, and the evidence offered on this point was clearly incompetent. *Gose v. True,* 197 Iowa 1094.

**3. CRIMINAL LAW: evidence: demonstrative evidence: appearance of automobile lights.**

VI. Some claim is made that the evidence was insufficient to justify a conviction, and that the sentence of one year in the Anamosa penitentiary is entirely too severe. There is conflict in the evidence as to the condition of appellant at various times during August 3d. He was not intoxicated early in the day, and there is considerable persuasive evidence that he was not intoxicated as early as 10:30 after the accident, in which he suffered some injuries. Numerous witnesses, however, testified that he was intoxicated in the evening, a short time before the collision. Other witnesses testified that he was driving in an irregular and unsteady course on the highway. One of the occupants of the car with which appellant's automobile collided, was severely injured. The evidence amply justified the conviction. Appellant is a farmer, occupying and cultivating a farm of 160 acres. So far as the record discloses, he is not a man of criminal instincts or tendencies; but the offense of driving an automobile upon a much traveled public highway by a person while in a state of intoxication is a serious one, and we are not

**4. MOTOR VEHICLES: operation while intoxicated: evidence.**

prepared to say that the sentence imposed in this case is more severe than the evidence justified. We are urged to consider its effect upon members of his family. This we are not permitted to do. The law was designed to prevent the grave consequences that must almost inevitably follow the driving of an automobile upon a public thoroughfare by a person rendered incompetent to control and manage the same by the use of intoxicating liquor.

We find no reversible error in the record, and the judgment of the court below is—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.