State of Iowa, Appellee, v. Charles Dillard, Appellant.

December 13, 1927.

Rehearing Denied February 17, 1928.

*David S. David*, for appellant.

*John Fletcher*, Attorney-general, and *Blanchard W. Preston*, for appellee.

Morling, J.—I. The State's evidence tends to show that, in July, or early fall, of 1926, officers searched defendant's person and automobile. They found on his person a six-ounce bottle  two thirds full of alcohol, and in his car two empty six-ounce bottles, and one half full of alcohol. They found also two bottles of near beer. Another witness testifies that, in the early

part of June, 1925, he bought a half pint of alcohol of defendant. The defendant contends that the State should have been required to elect between these two transactions. We find .no motion to require an election, and such a motion, if it had been made, would not have been good. *State v. Vanderpool*, 195 Iowa 43.

II. Defendant contends that the court erred in admitting testimony of the reputation of defendant and in instructing the jury that, if they believed from the evidence that the general  reputation of defendant for truth and veracity in the community was bad, they had a right to disregard his testimony, etc. The point made is that the evidence related to defendant's reputation, and not his general reputation. Defendant was a witness in his own behalf. In rebuttal, a witness was asked whether he was acquainted with the reputation of defendant, etc. This was objected to as incompetent, immaterial, not proper rebuttal. The objection being ·overruled, the witness answered, ''Yes.'' Witness was then asked what that reputation was,—good or bad,—and without objection, answered that it was bad. The. next witness on the subject was asked the same questions, and no objection was made. If the specific objection now urged had been made in the court below, the form of the questions might have been corrected. The question objected to propounded to the one witness was preliminary. The evidence of the substantive fact was not objected to. Moreover, the general objection was insufficient to bring to the attention of the court the defect in the question now urged. *State v. Madden*, 170 Iowa 230; *Harvey v. Mason City & Ft. D. R. Co.*, 129 Iowa 465, 481; *Remington v. Machamer*, 192 Iowa 1098, 1105. The defendant had no reason to complain that the court required the jury to find that defendant's general reputation for truth and veracity was bad, before they might disregard his testimony.

III. Defendant's claim is that he bought the alcohol found in his possession for his own use, and was intoxicated at the time it was found upon him; that he had not disposed of or  given away any of the liquor; that the court did not submit this, his theory, to the jury. The court was not asked to do so, and was, therefore, not in error on this proposition. *State v. Ken-*

*dall*, 200 Iowa 483; *State v. Christensen*, 205 Iowa ——. Defendant's contention that the finding of liquor on defendant's person or in his automobile was a circumstance, and that the court should have given the usual and proper instructions upon circumstantial evidence, is met with the same reply.

The case was fairly submitted to the jury. The evidence sustains the verdict. The judgment is—*Affirmed.*

EVANS, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.

WAGNER, J., not participating.