STATE OF IOWA, Appellee, v. CHARLES A. DILLARD, Appellant.

NOVEMBER 13, 1928.

REHEARING DENIED FEBRUARY 15, 1929.

*Liston McMillan,* for appellant.

*John Fletcher,* Attorney-general, and *Blanchard W. Preston,* County Attorney, for appellee.

WAGNER, J.—A county attorney's information was filed, charging the defendant with the crime of operating a motor vehicle while in an intoxicated condition. The defendant entered a plea of not guilty. Trial was had to the court and a jury. The jury returned a verdict of guilty, as charged in the information. The court pronounced judgment, ordering the defendant confined in the penitentiary for a period not exceeding one year. From this judgment, the defendant has appealed.

The defendant, in one of his assignments of error, alleges that the evidence is insufficient to support the verdict. With this contention of the defendant's we do not agree. The crime is charged to have been committed on or about the 9th day of July, 1927. The evidence of the State is confined to the conduct

of the defendant on the aforesaid date. Three witnesses were examined by the State in support of the charge. Mateer, a former sheriff of Mahaska County, testified that he saw the defendant about 9:30 A. M., and that he smelt liquor on his breath, and observed that he was at that time intoxicated. Wise, a constable, testified that he saw the defendant about 10:30 A. M. in an intoxicated condition, and operating an automobile; that, at the time when he saw him, defendant was going north to Lake's house; that the car swerved back and forth from one side of the street to the other, from the time he saw him until he drove to Lake's house, and the defendant was leaning forward over the wheel. Lake testified that defendant came to his home; that he did not see him come, but saw him drive the car away; that the defendant was alone at that time; and that he was intoxicated. On cross-examination, Lake was asked the question, "You thought from his talk he might be drinking?" and he answered, "I knew he was intoxicated."

From the foregoing, it is manifest that the jury was warranted in finding that the defendant was operating an automobile while in an intoxicated condition, and the contention of the defendant that the evidence is insufficient to support the verdict is without merit.

The defendant, in his assignments of error, alleges that the court erred in the third, ninth, and eleventh instructions, and refers to the pages and lines of the abstract where said instructions may be found. This assignment is fatally indefinite, and raises no question for consideration on appeal. *State v. White*, 205 Iowa 373; *State v. Lambertti*, 204 Iowa 670; *State v. Smith*, 192 Iowa 218; *State v. Harbour*, 193 Iowa 657; *State v. Gill*, 202 Iowa 242.

Moreover, no exceptions were taken to the instructions, as required by Section 11495 of the Code of 1927. Said section provides:

"Any party may take and file exceptions to the instructions of the court, or any part of the instructions given, or to the refusal to give any instructions as requested, within five days after the verdict in the cause is filed or within such further time as the court may allow, and may include the same or any part thereof in a motion

for a new trial, but all such exceptions shall specify the part of the instructions as excepted to, or of the instructions requested and refused *and the grounds of such exceptions.*'' (The italics are ours.)

The aforesaid statutory provision with reference to exceptions applies to criminal, as well as civil, cases. *State v. Higgins,* 192 Iowa 201; *State v. Grigsby,* 204 Iowa 1133; *State v. Shearer,* 206 Iowa 397. In the latter case, we said:

''It is thus manifest that the proposition now urged was not presented to the trial court. We have repeatedly refused to consider propositions which were not presented to, or passed upon by, the trial court. See *State v. Harding,* 204 Iowa 1135.''

Although no proper exceptions were taken to the instructions of which complaint is now insufficiently made, we have carefully scrutinized the instructions mentioned, and find no error therein.

The defendant's sole remaining complaint is that the punishment provided for in the judgment of the court is excessive. The punishment for the crime charged is imprisonment in the  penitentiary for a period not exceeding one year, or a fine of not more than $1,000, or both such fine and imprisonment. Section 5027 of the Code. The defendant in his reply argument brings us the information that he is the same person who was convicted of the crime of bootlegging in *State v. Dillard,* 205 Iowa 430. The crime of operating an automobile while in an intoxicated condition is serious in its nature, in so far as the safety of the public is concerned. The lives of others who may be in the streets and highways are greatly imperiled by the fact that an automobile is being operated thereon by one whose reason is dethroned or impaired by liquor. As said by us in *State v. Webb,* 202 Iowa 633:

''There is probably no greater danger to the traveling public today than that of an intoxicated man, driving a car. It should be eliminated, if possible * * * .''

In *State v. Giles,* 200 Iowa 1232, we said:

''Granted, therefore, that the circumstances attending this particular offense were not aggravating, in the sense in which

the term is used in relation to public offenses, yet the fact remains that the nature of the offense itself is such that aggravation inheres in it. The peril threatened by such an offense is so great and so imminent that only severe punishment can' be deemed adequate to restrain it.''

We are not disposed to interfere with the judgment imposed by the trial court..

Since we find no error in the record, the judgment of the trial court is hereby affirmed.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.