STATE OF IOWA, Appellee, v. E. D. RAYBURN, Appellant.

No. 40653.

NOVEMBER 17, 1931.

Clyde McFarlin, for appellant.

John Fletcher, Attorney-general, Neill Garrett, Assistant Attorney-general, and F. E. Talbott, County Attorney, for appellee.

STEVENS, J.—The only question presented on this appeal is whether the punishment inflicted is excessive. Section 5027 of the Code of 1924 makes the operation of a motor vehicle by a person intoxicated a crime and provides that, upon conviction, he may be sentenced to the penitentiary for a term not exceeding one year, or be fined in a sum not exceeding $1000.00.

The minutes of the testimony before the grand jury are incorporated in the abstract. It appears therefrom that the defendant, on June 20, 1930, attempted to drive a Hudson automobile upon a public highway, known as the "Diamond Trail," while he was intoxicated. The automobile swerved from the highway into a ditch on the south side thereof, nearly overturning, thereby throwing defendant to the opposite side of the car, which then turned across the highway into a ditch and into the yard of a country home, striking a maple tree.

It is urged by counsel in defendant's behalf that the only serious consequence of his act was to himself; that no injury resulted to any vehicle or person traveling on the highway. The crime consists of the operation of a motor vehicle by a driver in an intoxicated condition. The purpose of the statute is to protect travelers upon the public highway. It is a wholesome statute and should be strictly and rigidly enforced. An automobile in the control of a drunken driver is a dangerous and deadly instrumentality.

The forty-fourth general assembly, Chapter 117, made some change in the statute. This enactment, Section 5027 of the Code of 1931, fixed a minimum fine of $300 for the first offense, $500 for the second, and imprisonment in the penitentiary for the third offense. The maximum fine in any case is $1000; but, under the present statute, both imprisonment in the county jail

for a period of not to exceed one year and a fine may, in the discretion of the court, be imposed. The fine is a heavy one, but not excessive. The suggestion of counsel that the fine is so excessive as to violate Article 1, Section 17, of the Constitution of Iowa is without merit. State v. Dillard, 207 Iowa, 831; State v. Webb, 202 Iowa 633; State v. Giles, 200 Iowa 1232.—Affirmed.

FAVILLE, C. J., and MORLING, DE GRAFF, and ALBERT, JJ., concur.

WAGNER, J., took no part in the decision of this case.