STATE OF IOWA, Appellee, v. VITO CARINGELLO, Appellant.

No. 44862.

OCTOBER 24, 1939.

James E. O'Brien, for appellant.

Fred D. Everett, Attorney General, Jens Grothe, Assistant Attorney General, Luther M. Carr, County Attorney, for appellee.

BLISS, J.—The defendant and his wife had been occupants, for about two weeks, of quarters on the second floor of a private house in Kellogg, in the possession of an aunt of the defendant's wife. The aunt, who was unmarried, lived in the two east rooms and the northwest room downstairs. The quarters of the defendant and wife consisted of the southeast room upstairs, which was used as a bedroom and for general occupancy. Connected with this room, by a door, was the southwest room. In this room, at the time in question, were some articles of men's and women's wearing apparel, hanging from a rope stretched across the room. No one else occupied the upstairs. On the evening of February 4, 1939, a number of peace officers of the county searched these premises. As they approached the house one McBroom was seen to leave the yard about the house, and, on being pursued, drew from his pockets two full bottles of alcohol and threw them away. These were recovered by the officers. As a witness for the state, he testified that the defendant had sold and delivered these two bottles of liquor to him, in defendant's room, for $1.70. The aunt testified that McBroom had just left the house as the officers came, and that he and the defendant had previously left her room, and she thought had gone upstairs. In the southwest room, upstairs, behind the line of clothes, the officers

found two full cases of bottled alcohol, and a partly filled case of bottled whiskey—97 bottles in all. The aunt testified that the defendant had previously told her that this liquor was his, and that he had brought it from Illinois, and that she told him he had better get it out of the house. There were no Iowa liquor seals on any of the liquor. The defendant was not a witness, and there was no contradiction of the above-stated testimony.

The information alleged that the defendant, on May 2, 1932, had entered a plea of guilty, in the United States Court for the southern district of Iowa, to a charge of illegal transportation of intoxicating liquor, as defined in section 3, Title 2 of the National Prohibition Act, 41 Stat. 308, 27 U. S. C. A. §12, and that judgment had been entered against him. The information also alleged that, on April 30, 1936, the defendant had entered a plea of guilty, in the same court, to a charge of illegal transportation of non-tax distilled spirits under section 1152a of Title 26 of the United States Code Annotated, on which judgment had been entered against him. The record shows no objection to the reading of this information to the jury, nor to the county attorney's reference thereto in his opening statement to the jury.

When the state offered certified copies of the indictments, arraignments, pleas of guilty and judgments, in the two federal actions, being Exhibits Numbers 7, 8, 9 and 10, objections were made by the defendant. The State then withdrew the offer of Exhibits Numbers 7 and 8, and the court overruled the objections to the other two exhibits. The State then sought, by examination of a federal officer in the Alcohol Tax Unit, to identify the defendant as the person charged in the second indictment. Objections were sustained to the questions and to strike the answers, in large part. The following proceedings were then had:

"Mr. Carr: No further evidence for the State.

"If the Court please, at this time because of a misunderstanding between the Federal agent, Mr. Brock and myself that wasn't discovered until about nine o'clock this morning, the State withdraws the offer of Exhibits No. '9' and No. '10', and withdraws from the jury all evidence or statements in the indictment with reference to previous offenses, and ask

the Court to fully instruct the jury to disregard such statements, evidence and exhibits.

"The Court: Ladies and gentlemen of the jury, in arriving at your verdict in this case you will not consider for any purpose any statements in the opening statements or any questions asked or offers of evidence made with relation to prior offenses of the defendant in the U. S. District Court; you are not to consider them for any purpose in arriving at your verdict; they are withdrawn from your consideration entirely, and the case will go to you solely on the question of whether or not the defendant was guilty of illegal possession of intoxicating liquors in this County, about Feb. 4, 1939. Excepted to.

"Any further instructions you desire, Mr. Thayer?

"Mr. Thayer: I have a request for two instructions I have sent down to have filed with the Clerk; nothing on this line, however."

The court also gave the following instruction to the jury:

"It is the duty of the Court to determine the law and determine what evidence is admissible for your consideration: and you will disregard all evidence excluded or stricken from the record on motion during the progress of the trial of this case, and you must give the same no consideration in arriving at your verdict."

The only assignments of error argued by the defendant pertained to the alleged misconduct of the county attorney in seeking to, and placing before the jury, matters in connection with the two federal offenses.

We have carefully read the record and it is our judgment that the defendant was in noway prejudiced, and his rights were in noway violated by any of the matters complained of. There was ample competent evidence to sustain the verdict of the jury.

The test in a matter of this kind is whether the alleged misconduct was so improper as to prejudice the jury against the defendant and deprive him of a fair trial. In ruling upon such matters a broad, judicial discretion is invested in the trial judge. As stated in State v. Roby, 194 Iowa 1032, 1046, 188 N. W. 709, 715:

"The trial judge, of long experience, heard all the arguments, and in overruling the motion for new trial necessarily held that, in his opinion, there was no prejudice. Heretofore we have held that such finding is a matter of great weight."

In State v. Cooper, 169 Iowa, 571, 587, 151 N. W. 835, the court said:

"The rule is that mere misconduct of counsel is not enough alone to require the granting of a new trial, unless it appears to have been so prejudicial as to deprive the complaining party of a fair hearing of his case by the jury on the evidence. The trial court having heard all that took place on the trial, we ought not to interfere with his discretion in refusing a new trial. * * * If we were to reverse for this, it would be for the purpose only of giving the defendant another chance to go free, and this, too, when the evidence shows clearly, and without any substantial dispute, that he is guilty. Such is not the purpose of appeals to this court."

The last paragraph has pertinent application to this case. In State v. Waterbury, 133 Iowa 135, 141, 110 N. W. 328, 330, where the conduct of the attorney was reprehensible and uncalled for, the court said:

"Whether such conduct worked prejudice, however, was peculiarly within the knowledge of the trial court, and seldom will a case arise calling for a reversal of its conclusion. In view of its decision, we cannot say that defendant was prejudiced by the inquiry."

█  The prompt withdrawal of the exhibits and of all remarks and testimony in connection with the federal offenses is persuasive evidence of the good faith, and the absence of any sinister motives on the part of the county attorney, and justifies the following statements of the court, in the judgment entry, to wit:

"The Court does not find that the County Attorney in any way acted in bad faith in presenting the information charging the three offenses against the defendant and does not find that the County Attorney acted in bad faith in his efforts to prove the prior convictions of the defendant.

310

"The Court is very decidedly of the opinion that the County Attorney acted in good faith and with the honest conviction that he had the right when he prepared the Information, and when he read the Information to the jury, and when he attempted to introduce the evidence showing the two prior convictions, that he was acting in the utmost good faith, and therefore the motion of the defendant for a new trial is overruled and the defendant excepts."

■ Juries, as finally selected, are uniformly made up of law-abiding citizens, with honest purposes, and of at least average intelligence. They are competent to understand, and are desirous of obeying the instructions of the court as to what they shall and shall not consider in determining their verdict. The trial court promptly and fully admonished the jury, both at the time of the withdrawal, and later by written instruction, and this appellate court is bound to assume that the jury fully understood and obeyed his admonitions. This thought was very aptly expressed by Justice Preston in a dissenting opinion, in State v. Weaver, 182 Iowa 921, 930, 166 N. W. 379, 382, as follows:

"We are in the habit of saying, in certain cases where it is claimed remarks prejudicial to a defendant were made by the court, that the jury attach great weight to what the judge says. The rule ought to work both ways. Here, the court said by his ruling that the evidence was not proper for the jury to hear and consider. The jurors take an oath that they will decide the case on the evidence received. The trial court tells them, in instructions, that they must find the defendant guilty, if at all, from the evidence received, and beyond any reasonable doubt. To hold that this jury violated their oaths, refused to follow the instructions of the court, and ignored all the evidence received, and decided the case or were influenced by one question unanswered, if they heard it, is, in my opinion, unbelievable."

Other decisions sustaining the judgment of the trial court are State v. Anderson, 216 Iowa 887, 274 N. W. 306; State v. Kouhns, 103 Iowa 720, 725, 73 N. W. 353 (where there was no admonition of the court) ; State v. Tippet, 94 Iowa 646, 63 N. W. 445; State v. Beal, 94 Iowa 39, 62 N. W. 657; State v. Green-

land, 125 Iowa 141, 145, 100 N. W. 341; State v. Noble, 66 Iowa 541, 24 N. W. 34; State v. Cristy, 154 Iowa 514, 519, 133 N. W. 1074; State v. Scroggs, 123 Iowa 649, 96 N. W. 723; State v. Spurbeck, 44 Iowa 667.

The judgment is affirmed.—Affirmed.

OLIVER, C. J., and MITCHELL, RICHARDS, HAMILTON, SAGER, HALE, and MILLER, JJ., concur.