STATE OF IOWA, Appellee, v. J. L. NEVILLE, Appellant.

No. 45205.

AUGUST 6, 1940.

REHEARING DENIED NOVEMBER 22, 1940.

Fred D. Everett, Attorney General, Jens Grothe, Assist-

ant Attorney General, and Charles I. Joy, County Attorney, for appellee.

Royal & Royal and Xen Q. Lindel, for appellant.

BLISS, J.—The collision resulting in the death of P. A. Andersen occurred about 6:30 o'clock in the morning of September 2, 1938, on Highway No. 6, about a mile east of the town of Dexter, in Dallas county, Iowa. He had left Omaha about 4 o'clock that morning in his automobile, accompanied by his son and the latter's wife and their child. As the car, traveling close to the right edge of the pavement, approached a bend in the road which curved to the left and north, its occupants observed the defendant's car just entering the north entrance of the curve. It was traveling an irregular course and as it began to round the curve it skidded off and to the left or south side of the pavement, and then it swerved across the pavement to the right hand side, and then back again to the left or south side of the pavement, where it whirled about facing east, and the rear of the car struck the front of the deceased's car, which had come almost to a stop. Mr. Andersen was crushed against the steering wheel and received injuries from which he died on the second day thereafter. Twelve witnesses testified that in their judgment the defendant was intoxicated, and the matters which they detailed with respect to his disheveled appearance, bloodshot eyes, staggering walk, incoherent, senseless talk, intoxicating liquor-laden breath, and his general conduct, most fully support the opinions which they expressed. Lewis Hill and wife were traveling on this highway between Waukee and Adel. About five miles west of Adel, at about 5:30 o'clock that morning, they met the defendant driving west. His car was zigzagging back and forth across the paving, so that Hill drove his car on to the shoulder of the paved road. They observed him continue on past them with his car weaving back and forth. He was next seen at a service station in Adel about 6 o'clock that morning. He there asked each of two witnesses to drive him to Omaha. His drunken condition was such that one of them

advised him not to try to drive but to get in his car and sleep. He got in his car and drove away in a manner which was some indication of his unfitness to drive. Adel is 15 miles from the place of collision.

■ The State called in rebuttal a witness who had testified before the grand jury. There he had testified that he knew the defendant and had been acquainted with him for a year and a half.; that he came into an inn, where the witness was working as a waiter, about 2 o'clock in the morning of the collision, and had two or three spiked beers and three whisky highballs; that he left the place shortly after 4 o'clock that morning as it was being closed; that he was wobbly on his feet and was intoxicated; that he had a bulldog with him in his car (he had a bulldog in his car at the collision); that one of the owners of the place helped him into his car, questioned him about his ability to drive, and told him not to drive but to rest a while in the car; that when he last saw him he was seated in the car with his head on the steering wheel. When the State put this witness on the stand at the trial he testified that he did not know the defendant at all. To refresh the memory of the witness, the county attorney showed him the minutes of his testimony before the grand jury, setting out the matters above stated. He admitted that he so testified and had signed the minutes, but persisted in saying that he did not know the defendant at all. After his cross-examination the court said:

"Members of the jury, the court on its own motion withdraws all of the testimony given by this witness, and you will pay no attention whatever to it."

The court also gave the jury this instruction:

"During the trial of this case statements were made by certain witnesses which were stricken out by the court, and the testimony of other witnesses was stricken out and withdrawn from your consideration. And in determining this case you should not consider any testimony that was stricken out or withdrawn during the trial."

The appellant insists that it was error to bring before the jury the grand jury testimony of this witness. It was not error. This witness was apparently hostile to the State, and his repudiation of testimony before the grand jury was a surprise to the county attorney. There was reasonable basis for his believing that the witness was falsifying, and it was proper for him to attempt to freshen the memory of the witness and awaken his conscience and give him an opportunity to correct his testimony by calling to his attention his earlier testimony. Doran v. Railway Co., 170 Iowa 614, 637, 153 N. W. 225; Hall v. C. R. I. & P. Ry., 84 Iowa 311, 51 N. W. 150; State v. Cummins, 76 Iowa 133, 40 N. W. 124; State v. Walker, 133 Iowa 489, 495, 496, 110 N. W. 925. Further citation of authority is unnecessary on this point. The testimony which was stricken, relative to the intoxication of defendant, was fully sustained by the testimony of other witnesses, so that whether this testimony was in or out could not reasonably have made any difference in the verdict of the jury. Any possible error was removed by the court's admonition and instruction. State v. Caringello, 227 Iowa 305, 288 N. W. 80.

Appellant also complains of the Hill testimony. The matter of which they testified occurred before the defendant was seen in a drunken condition at the service station in Adel. The court instructed the jury that this testimony was not to be considered by them as evidence of the manner in which the defendant was driving his car at the time of the collision, but only for its **bearing** upon the question as to whether defendant was intoxicated at the time of the collision.

There was no error in the admission of this testimony. State v. Dillard, 207 Iowa 831, 221 N. W. 817; State v. Fahey, 201 Iowa 575, 207 N. W. 608.

The record fully supports the verdict of the jury. The presence of the defendant upon the highway in the drunken state which the evidence clearly shows him to have been in was inexcusable and a menace to anyone traveling along the way he was traveling. We are satisfied that his criminal conduct resulted in the death of one who was wholly blameless.

He was fairly tried and rightly convicted. The judgment is affirmed.—Affirmed.

RICHARDS, C. J., and STIGER, SAGER, HAMILTON, HALE, OLIVER, MILLER, and MITCHELL, JJ., concur.