## COLEMAN *v*. WHITE.

SEDUCTION.—*Evidence.*—*Mitigation of Damages.*—In an action for the seduc-
tion of the plaintiff's wife, it is competent for the defendant to prove, under
an answer of general denial, in mitigation of damages, that owing to the
wicked and depraved disposition of the plaintiff, he and his wife, before the
alleged improper intimacy, lived unhappily together, that the plaintiff frequently
cursed, abused, and struck her, and about three years before their final sep-
aration, drove her from his home, under threats of killing her.

From the Fountain Circuit Court.

*S. F. Wood* and *H. H. Dochterman*, for appellant.

PETTIT, J.—This suit was brought by appellee against
appellant for seducing and debauching his, appellee's, wife,
by the appellant.

Answer of general denial, trial by jury, verdict for appel-
lee, plaintiff below, motion for a new trial overruled, excepted
to, and judgment on the verdict for the plaintiff below.

The bill of exceptions shows that on the trial the appel-
lant, defendant below, offered to prove by competent wit-
nesses at the proper time the following facts: "That White
and his wife lived together as husband and wife, and that
before the alleged improper intimacy between the defendant
and plaintiff's wife, the plaintiff and his wife lived unhap-
pily together; that he frequently cursed and abused her,
and often struck her; that at one time, about three years
before their final separation, the plaintiff drove her from
their home by beating her and by threats that he would kill
her, at the time presenting a pistol at her, which caused her
to fly from her home and her children; that this trouble
grew out of the fact that the wife wanted one of the chil-
dren to wash before coming to breakfast, and the husband
determined it should not; that they afterward lived together
again, but unhappily, until March, 1872, when they finally
separated; that said trouble between the plaintiff and his
wife existed on account of the wicked, depraved, and
selfish disposition of the plaintiff, and not on account of any

alleged improper intimacy between the defendant and plaintiff's wife."

This offered evidence was refused and rejected by the court, and the correctness of this ruling is the only question in the case before us. That the offered and rejected evidence was clearly admissible in mitigation of damages, there can be no doubt. Sedgw. Dam. 547; *Gilchrist* v. *Bale*, 8 Watts, 355; *Palmer* v. *Crook*, 7 Gray, 418; 1 Greenl. Ev. 117, sec. 102; 2 Hilliard Torts, 509; Hilliard Remedies, 398; Addison Torts, 899.

The judgment is reversed, at the costs of the appellee.