GEORGE v. THE K. & D. M. R. Co.

1. **Railroads**: EVIDENCE: PRACTICE. *Jeffrey v. The K. & D. M. R. Co.*, 51 Iowa, 439, followed. Where evidence is erroneously admitted upon the trial of an action prejudice will be presumed, and it must affirmatively appear that its admission was not prejudicial to justify an affirmance of the judgment.

*Appeal from Van Buren Circuit Court.*

SATURDAY, APRIL 24.

THE petition alleges plaintiff's intestate was run over by a train on defendant's road, and so injured that he died, and that the accident was caused by the negligence of the defendant's employes, without fault on the part of the deceased.·

| 53 | 503 |
|----|-----|
| 84 | 316 |
| 53 | 503 |
| 88 | 507 |
| 53 | 503 |
| 92 | 626 |
| 92 | 699 |
| 53 | 503 |
| 113 | 93 |
| 53 | 503 |
| 118 | 447 |
| 53 | 503 |
| 133 | 619 |

Trial by jury, verdict and judgment for the plaintiff, and defendant appeals.

*Gillmore & Anderson* and *Knapp & Beaman*, for appellant.

*Craig & Collier*, for appellee.

SEEVERS, J.—The accident which caused the death of plaintiff's intestate is the same as in *Jeffrey v. The K. & D. M. R'y Co.*, 51 Iowa, 439. The evidence in both cases is substantially the same, and so are the legal questions involved in this appeal. The rules of the company admitted as evidence, and held to be erroneous in the Jeffrey case, were admitted in this under the same circumstances. It must, therefore, follow that error has been affirmatively shown unless the cases can be distinguished. The burden in this respect is on the appellee, and his counsel ingeniously argue that because of certain special findings of the jury the error caused by the admission of the rules was not prejudicial.

1. RAILROAD: evidence: practice.

There is no finding which affirmatively shows the error was not prejudicial. At most, therefore, it is a deduction from the special findings, that the error in no manner affected the general verdict. Under such circumstances the claimed fact should clearly, or at least fairly, appear. *Potter v. The C., R. I. & P. R. Co.*, 46 Iowa, 399.

Among other special findings there were the following:

"9. Does the evidence show that the injury was in consequence of the negligence of any of the employes of the company? Ans. Yes.

"10. If you say it was, then which of said employes was it? Ans. Conductor and engineer.

"11. In what particular act or acts did such negligence consist? Ans. In cutting the train while in motion, and suddenly starting ahead without due notice."

The rules forbid flying or running switches, and in cases of doubt direct employes to take the safe course and run no

risk. We incline to think that the jury may have been influenced in finding that cutting the train was negligence, because of the rule forbidding flying switches. The rule must have been admitted on the ground that a flying switch was being made at the time the accident occurred. To make such a switch the train must be cut in two. Now the jury have found because the train was cut the conductor was guilty of negligence, as he was the person who pulled the pin which connected the train. We cannot but conclude the evidence, or probability, is greater that the jury were influenced by the improper evidence, than that they were not. But whether this be so or not, it is entirely clear that it does not appear the illegal evidence was not prejudicial. When such evidence is admitted, which bears upon the issue and questions to be considered by the jury, prejudice must result therefrom unless it can be satisfactorily shown that such was not the case, and this should affirmatively, not negatively, appear. In other words the court must be able to say that it appears no prejudice has been caused by the erroneous ruling, whatever it may be. This we cannot say in this case, and, therefore, the result is the judgment below must be

REVERSED.