THE McCORMICK HARVESTING MACHINE CO. v. JACOBSON.

1. **Evidence**: DECLARATIONS OF PARTY IN HIS FAVOR. In an action for the price of a mower, defendant pleaded that he had paid for the mower with the note of another person, and he was allowed to prove his own declaration to a witness that he had traded the note for the mower. *Held* error, in the absence of an instruction of the court directing the jury to consider such evidence only for a special purpose, and not as bearing on the main issue.

2. **Appeal**: ERROR: PREJUDICE PRESUMED. Where improper evidence has been admitted which may have influenced the verdict, prejudice will be presumed unless the contrary is affirmatively shown.

*Appeal from Story District Court*—HON. D. D. MIRACLE, Judge.

SATURDAY, DECEMBER 17.

ACTION upon a promissory note. Verdict and judgment for defendant. Plaintiff appeals.

*O. L. Binford* and *J. H. Bradley*, for appellant.

*Geo. A. Underwood*, for appellee.

BECK, J.—I. Among other matters urged at the trial as a defense to the note, defendant claimed that it was given for a mower purchased of the agents of plaintiff, and that he afterwards paid for the mower by giving to the agents a note executed by other persons. The abstract of defendant shows, in support of this defense, that he was permitted, against plaintiff's objection, to introduce the declarations and statements made by him to a witness, to the effect that he had traded the note for the mower. An additional abstract filed by defendant avers that the evidence was not admitted to prove defendant's declarations, but only " as a circumstance," and the court below so held, in ruling upon the question of its admissibility. What is meant by this statement is not explained. If it was admitted " as a circumstance," there was some purpose in it. Counsel for defendant thinks it was a proper " circumstance" to show the time when plaintiff's agents received the note. If the evidence was admissible for that purpose, the jury should have been directed to consider it for no other purpose. Defendant's abstract may be understood as so declaring, but this is denied by plaintiff, and the transcript supports the denial, and shows that the evidence was admitted without any restriction as to the purpose for which it should be considered. Being so admitted, the jury were authorized to consider it in finding whether defendant had paid for the mower; thus permitting defendant to introduce his own declarations as evidence in his behalf. This was erroneous, under the most familiar rules of evidence. We will not be expected to cite authorities in support of this conclusion.

*1. EVIDENCE: declarations of party in his favor.*

II. But defendant's counsel insists that, if the admission of the evidence is error, it was without prejudice, for the reason that it shows that defendant did not execute the note; but we cannot say that the jury found for defendant on one issue or the other. It is plain that the evidence in question may have influenced their verdict, and it will be regarded that it did until the

*2. APPEAL: error: prejudice presumed.*

contrary be shown, which has not been done. Prejudice will be presumed until the contrary is affirmatively shown. (*George v. Keokuk & D. M. R'y Co.*, 53 Iowa, 503.)

For the error in admitting the evidence in question, the judgment of the district court is

REVERSED.