[No. 4028.]

THE BUCKERS IRRIGATION, MILLING AND IMPROVEMENT CO.
ET AL. V. THE PLATTE VALLEY IRRIGATION CO.

1. WATER RIGHTS—REVERSAL OF DECREE—NEW TRIAL—RES JUDI-
CATA.

Where on appeal from a judgment decreeing to junior appropriators a prior right to the waters of a tributary stream on the ground that they had largely increased the flow of such stream by the drainage of adjacent lands, the appellate court sustained the lower court to the extent that such junior appropriators were entitled to the increase of water they had caused to flow in the stream, but reversed the judgment because it decreed them all the water in the stream instead of only the increase and the cause was remanded for a new trial, on a second trial, no finding of fact made by the lower court on the former trial, or which the appellate court said was supported by the evidence, was *res judicata* of any fact upon which the rights of the parties to the waters of such stream depended.

2.  WATER RIGHTS—TRIBUTARY STREAMS—BURDEN OF PROOF.

In an action where plaintiff sought to restrain defendants from diverting water from a source alleged to be tributary to the stream from which plaintiff was entitled to a prior appropriation and where defendants denied that the source from which they diverted water was tributary to the stream from which plaintiff took water the burden of proof was on plaintiff to show that it was a tributary and not on the defendant to show that it was not.

3.  APPELLATE PRACTICE—REVERSAL—PREJUDICIAL ERROR—PRESUMPTIONS.

An error must be prejudicial to justify the reversal of a judgment, but an error is presumed to be prejudicial to the party against whom it is made, unless it affirmatively appears that it was harmless.

4.  SAME—BURDEN OF PROOF.

Where in the trial of a cause the evidence was conflicting and the trial court placed the burden of proof on the wrong party the error will be held to be prejudicial although the evidence was sufficient to have sustained the finding if the court had adopted the proper theory as to the burden of proof.

5.  WATER RIGHTS—MODIFICATION OF DECREE AFTER AFFIRMANCE.

Where on appeal from a decree involving the right to maintain and use water from, two ditches used as feeders to a main ditch the decree abating one of the ditches on the ground that by percolation it drew water from the main stream was affirmed, and as to the other ditch the decree was reversed and remanded for a new trial, and on the second trial defendants filed a supplemental answer alleging that the channel of the stream had so changed as to make it necessary for them to move the headgate of their main ditch further up the stream and asking a modification of the former decree so as to permit them to utilize the feeder ditch that had been abated for the purpose of diverting the water from the stream to supply their main ditch and also alleging that the part of the ditch desired to be so used would not draw water from the stream except through its headgate, and issue being joined thereon the trial court by its findings recognized that defendants were entitled to the modification asked but in the decree failed to affirmatively modify the former decree, on appeal the decree will be reversed and the cause remanded with directions to enter a decree affirmatively modifying the former decree as demanded in defendants' supplemental answer.

*Appeal from the District Court of Weld County.*

Mr. JOSEPH W. TAYLOR and Messrs. HAYT & DAWSON for appellants.

Mr. JAMES W. MCCREERY for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

This action was commenced by appellee, as plaintiff, against appellants, as defendants, to restrain the latter from diverting water from the South Platte river by means of a ditch known as Feeder No. 1, and its extension, and also to restrain them from intercepting water flowing from Beaver lake and adjacent swamps, through a ditch designated Beaver Lake, the stream from which sources, it was averred, was a tributary of this river. As a defense to the claim of plaintiff to the waters of the stream flowing from Beaver lake and vicinity, the appellants (1) denied that such stream was a tributary of the river; (2) averred that the waters derived from this source were obtained by draining lands adjacent to Beaver lake which were in no sense a source of supply of the river, or any of its tributaries. The result of the first trial was a judgment in favor of appellants to the waters obtained by means of the ditch designated as Beaver Lake, which was constructed from the point where it intersected Feeder No. 1 to Beaver lake and beyond. The court gave them this relief upon the ground that by their efforts and expenditures they had drained lands lying adjacent to Beaver lake, and thereby largely increased the water supply flowing from that source, but also found that the stream from the lake was a natural water course, and tributary of the river. From this judgment the plaintiff appealed to this court, where, upon consideration of this branch of the case it was held that the court erred in decreeing the present appellants all the water from this source, because they were only entitled to the water flowing from Beaver lake to the extent they had increased its average continuous flow. For this reason, the judgment was reversed and the cause remanded for further proceedings. *Platte Valley Irr. Co. v. Buckers*

*I. M. & I. Co.*, 25 Colo. 77.

On the second trial of the cause, the issues between the parties with reference to the water flowing from Beaver lake, as, also, its increase by virtue of the efforts of appellants, were the same as before. With respect to the rights of appellants to maintain the ditch known as Feeder No. 1, they filed a supplemental answer, in which it was averred that by reason of natural physical changes in the bed of the river, it became necessary for them to maintain that portion of the ditch for the purpose of supplying their main ditch directly from the river. It is unnecessary to state the facts upon which appellee bases its right, primarily, to maintain this action, because these matters were disposed of in the former judgment of this court.

On the second trial the court found the issues with reference to the waters collected by Beaver Lake ditch in favor of the plaintiff, and decreed that defendants were not entitled to the use of any of the waters from this source as against the plaintiff. From this judgment the defendants appeal. There is also involved, by reason of the judgment of the lower court, the right of appellants to maintain Feeder No.1, which will be noticed later.

At the outset there is presented this question: What was the effect of the order in our former opinion, remanding the cause for further proceedings, on that branch of the case relating to the waters of the stream flowing, or alleged to flow from Beaver lake? Our answer is, that it remanded the case for a new trial on this question, and that no finding of fact made by the lower court, or which this court said was supported by the evidence, was *res adjudicata* of any fact upon which the rights of the parties to the waters collected by Beaver Lake ditch depended. The issues made by the pleadings upon this branch of the case were plain and simple. The appellee averred that the stream flowing from Beaver lake was a tributary of the Platte river. The appellants

denied this averment, and further claimed the right to divert the waters of this stream to the extent they had increased its natural flow. Under these issues, it therefore became incumbent upon the appellee, in order to show it was entitled to relief to establish that the stream from Beaver lake was a tributary of the river. To defeat this claim, defendants were entitled, under the pleadings, to make two defenses—*first*, that it was not such tributary; *second*, that they had added to its volume waters which were not theretofore wont to flow down the natural stream. It appears from the record the trial court ruled that the burden of proof was upon the appellants—in other words, they must show that the stream from Beaver lake was not a tributary of the river. This was certainly erroneous, because the very ground upon which appellee based its right to relief was that appellants were diverting the waters of a natural stream and tributary of the river to its injury. Unless they establish this fact in the first instance, their action must fail. It is not every error, however, which will result in reversing a cause upon review. The error must be prejudicial, and an error is presumed to be prejudicial to the party against whom it is made, unless it affirmatively appears that it was harmless. *George v. K. & D. M. R. Co.*, 53 Iowa 503; *The McCormick H. M. Co. v. Jacobson,* 73 Iowa 546; *Jackson v. Feather River and G. Water Co.*, 14 Cal. 19; *DuBois v. Perkins*, 21 Ore. 189; *Clark v. Fairley*, 30 Mo. App. 335; *State v. Bank*, 2 S. Dak. 538; Hayne's New Trial Appeal, § 287; 2 Enc. Pl. & Pr., 532.

The evidence upon the question as to whether or not this stream was a tributary of the river was conflicting. If the court had adopted the proper theory as to where the burden of proof rested upon this issue, and had found, as it did, that the water flowing from Beaver lake was a natural stream and a tributary of the river, perhaps the evidence is sufficient to sustain this finding. But as it was conflicting on the sub-

ject, we are not able to say that the error of the trial court, in placing upon appellants the burden it did, was not prejudicial; for with this burden placed upon appellee, it might have found that the preponderance of the evidence on this subject was with appellants, or that appellee had failed to establish, as a fact, that which it was incumbent upon it to do, in order to make a *prima facie* case. For this error the judgment must be reversed and the cause remanded for a new trial. We are urged, however, to determine the rights of the parties to the water claimed to have been collected by appellants through and by means of Beaver Lake ditch. It is claimed on the part of appellee that this ditch is constructed from the point where it intersects Feeder No. 1 to Beaver lake practically upon the line of the bed of a stream flowing from that source, designated Beaver Brook, and that the water so collected in part is from the source of supply of this stream, as, also, from the stream itself. It being denied by appellants that the latter is a tributary of the river, and, in fact, claimed that there is no such stream, and that the water collected is not from any natural supply, it is manifest from the issues between the parties that their rights to this water would be dependent, in part at least, upon the fact as to whether what is termed Beaver Brook is a natural stream and tributary of the river or not, and from whence the water flowing in the ditch is collected. Therefore, any opinion we might express on this proposition would necessarily be in the alternative. As the question presented is of great importance, and far-reaching in its effect, we do not deem it wise to express our views thereon until squarely presented for adjudication, and for this reason we must decline to pass upon it at this time.

In the former opinion the judgment of the lower court rendered at the first trial, directing that Feeder No. 1 be abated, was affirmed. This judgment was sustained for the reason that this portion of the ditch of appellants drew

water by percolation directly from the river. By a supplemental answer which they filed when the cause was remanded for a new trial, appellants aver that a change in the channel has occurred, which makes it necessary for them to establish their headgate to the Buckers ditch at a point further up the stream, and for this reason, desire a modification of the former judgment, by which they will be permitted to utilize Feeder No. 1 for the purpose of diverting the water to supply their Buckers ditch. It is also claimed upon their part, and so stated in the answer, that this feeder will not draw any water from the river except through its headgate. This answer was permitted to be filed, and issue was joined thereon. After all evidence was introduced, the trial judge announced that it was unnecessary to argue the matters set up in the supplemental answer, as there was no controversy about them. Evidently the court was of the opinion that appellants were entitled to a modification of the original decree, in so far as it affected Feeder No. 1. It is claimed by counsel for appellants that in the decree finally rendered, the court did not grant such relief. Counsel for appellee contends that it did. From an examination of the decree, we do not think it does. The relief to which the appellants were entitled by reason of the facts set up in the supplemental answer was affirmative in its nature; it contemplated the modification of the original decree, by which they would be permitted to maintain Feeder No. 1. and that portion of the Beaver Lake ditch from where it intersected this feeder down to the point where connection was made with the Buckers ditch. As appellants were clearly entitled to this relief, it should have been granted, and the decree should have affirmatively so stated. The decree further provided that appellants should so maintain that portion of their ditch which has been designated Feeder No. 1 and the part of Beaver Lake ditch thence down to the intersection

Vol. 28–7.

with the main Buckers ditch as not to interfere with the water flowing down Beaver Brook. Whether or not this is justified will depend upon the rights of the parties to the water in dispute.

The judgment of the district court is reversed, and the cause remanded, with directions to enter a decree, giving appellants the relief demanded by their supplemental answer, and for a new trial on the issues made by the pleadings, with respect to the rights of the parties to the water flowing in Beaver Lake ditch above the point where it intersects Feeder No. 1; and upon the final determination direct, if necessary, how that part of the ditch of appellants between the river and the Buckers ditch which intercepts the waters from Beaver Brook shall be maintained with respect to the flow of the water from that source.

*Reversed and Remanded.*