## DELIA C. ANGELL vs. EMMA G. REYNOLDS.

PROVIDENCE—MAY 12, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Alienation of Affections. Evidence. Damages.*

In an action for the alienation of the affection of a husband, defendant may offer, in mitigation of damages, evidence tending to show that during the period in question the husband had maintained improper relations with other women than herself, and this whether the plaintiff had knowledge of such fact or not.

·TRESPASS ON THE CASE for alienation of affection. Heard on petition of defendant for new trial, and granted on question of damages only. ,

TILLINGHAST, J. This is an action of trespass on the case for alienating the affection of the plaintiff's husband, whereby she alleges that she wholly lost his society, aid, and support.

At the trial of the case in the Common Pleas Division a verdict was rendered in favor of the plaintiff, and her damages were assessed at the sum of $1,500.

The case is now before us on the defendant's petition for a new trial on the grounds that the verdict was against the evidence, and that certain rulings of the trial court were erroneous.

The rulings specially relied on by defendant's counsel as being erroneous, and the only ones which we feel called upon to consider, were those relating to certain testimony offered, and certain refusal of requests to charge, bearing upon the question of damages.

(1) The defendant offered to prove, in substance, that plaintiff's husband had been improperly familiar with other women than herself, during the same period that she was charged with having maintained illicit relations with him, and hence that she was not responsible, in any event, for all the damages which the plaintiff had sustained in the premises. In other words, the defendant's contention in effect was that the plaintiff's husband was a man of general bad character as a husband,

and hence that the plaintiff could not look to her for all the damages which she had sustained thereby.

However ungracious or even odious such a defence may seem to be from a purely moral standpoint, it is doubtless one which a defendant may interpose in a case of this sort. The question here is, how much has the plaintiff been damaged by the wrongful acts of the defendant in the premises, and not by the wrongful acts of others in the same direction. And if it should be made to appear that the husband's affection for his wife had, for any cause, commenced to wane before his intimacy with the defendant commenced, and that the defendant, taking advantage of that condition of things, secured for herself what there was left of his love for his wife, she can only be legally called upon to make the plaintiff whole for the share thereof which she thus took from her. Or, to state it differently—what was the loss which the plaintiff sustained by reason of the part which the defendant took in the premises?

It is true, this may seem like an impossible question for a jury to answer. For how far the charms and blandishments of one woman, as compared with those of another or of others, may go in accomplishing the total destruction of a husband's affection for his wife, can not be determined by any mathematical rules. But yet, like many other questions in practical life, it is capable of a reasonable solution.

The law bearing upon the question under consideration doubtless is that "evidence in mitigation of damages will be received if it tends to show that the plaintiff has, in fact, suffered less injury than would otherwise be a probable inference from the acts proved." Sutherland on Damages, 3d ed. § 745. Hence, in a case of this sort it is proper to show unhappy relations between the plaintiff and her husband, or that she was wanting in affection for him—*Hadley* v. *Heywood*, 121 Mass. 236; *Coleman* v. *White*, 43 Ind. 429; *Palmer* v. *Crook*, 7 Gray, 418; *Peek* v. *Traylor*, 34 S. W. Rep. 705; *Rudd* v. *Rounds*, 64 Vt. 432; *Rose* v. *Mitchell*, 21 R. I. 270—or that there had been improper familiarities between him and other women. *Norton* v. *Warner*, 9 Conn. 172; *Waldron* v. *Waldron*, 45 Fed. Rep. 315.

In *Bailey* v. *Bailey*, 94 Iowa, 598, which was an action by a

wife against her father-in-law for alienating the affections of her husband, it was held to be reversible error to exclude evidence showing what the husband's state of mind towards his wife was, and that other causes than the defendant's acts had to do with the alienation.

In *Churchill* v. *Lewis*, 17 · Abbott's New Cases, 226, it was held that the true relations between the plaintiff and her husband, and whether happy or otherwise, before the acquaintance with defendant; the state of his feeling and the extent of his affections toward his wife, and the effect produced upon the plaintiff by the existence of the relations between her husband and the defendant, as they appeared to her at the time, may be considered by the jury in estimating the damages. *Prettyman* v. *Williamson*, 1 Penn. Rep. (Del.) 224; *Schorn* v. *Berry*, 63 Hun. 110; *Browning* v. *Jones*, 52 Ill. App. Court Rep. 597; 1 Greenl. Ev. 13th ed. § 102; Cool. Torts, 2d ed. pp. 263-4; Abbott's Trial Ev. 686; Ency. Ev. vol. 1, pp. 765-6 and cases cited; 2 Hilliard on Torts, p. 509, § 21, are amongst the numerous authorities to the same general effect.

But plaintiff's counsel contends that, even conceding that her husband had improper relations with other women than the defendant, yet, as the evidence shows that the plaintiff was not aware of that fact, and that as he was affectionate towards her, and made a satisfactory husband until the defendant interfered in the premises, it was not competent for the plaintiff to prove his secret vices unless it could also be shown that they resulted to the injury of the plaintiff.

We can not agree with this contention. A wife is entitled to the full and undivided conjugal affection of her husband, and it is quite impossible that she should enjoy this right if he is improperly familiar with other women. There must necessarily be at least a weakening of the affections, or what is technically known as " the loss of *consortium*," in every such case, that is, a deprivation of the full society, affection, and assistance· to which a wife is entitled, and hence, whether she has knowledge of the wrong or not, it can not fail to result to her injury. The marital rights of a woman are unlawfully

invaded whenever any one steps in between her and her husband, whether with or without her knowledge, and secures any part of the society, affection, or assistance which belongs to her. And for such unlawful act the wife is entitled to be remunerated in damages.

It follows, then, in the case at bar, that if the defendant could show that others than herself had also been guilty of alienating the affection of the plaintiff's husband to any extent, although this fact was unknown to the plaintiff, she had the right to do so in mitigation of damages. *Wolf* v. *Frank*, 92 Md. 138.

An examination of the evidence in the case shows that up to the time when the plaintiff's husband went away with the defendant he furnished her with a comfortable support, paying over to her his entire wages and contributing generally to her comfort and happiness; but that, after the defendant interfered in the premises and won his affection, he absolutely neglected the plaintiff, giving her no money for food or clothing, so that she was obliged to procure the necessaries of life as best she could.

It also appears by the uncontradicted testimony in the case that the plaintiff and her husband were fond of each other and had no trouble until he became acquainted with the defendant; that the latter wrote him a large number of love letters wherein it appears that she had great affection for him—that she desired to marry him; that she made appointments to meet him in Providence and elsewhere for improper purposes; that she was unwilling that this intimacy should cease, although he desired it; and that in all these matters she was the aggressive party.

In view of these facts and of the further fact that the defendant did not personally deny any of the charges made against her, and did not even testify in her own behalf at the trial, it appears beyond question that, even if she was not guilty of alienating the affections of the plaintiff's husband as a whole, yet, she was the main cause thereof. And hence, while a new trial must be granted, on account of the error of the trial court in ruling out the evidence which was

offered in mitigation of damages, as aforesaid, there is no occasion for a new trial on the merits of the case, and we will therefore grant a new trial, the same to be limited to the question of damages only.

Case remanded for a new trial in accordance with this opinion.

*Irving Champlin*, for plaintiff.

*Franklin P. Owen*, for defendant.