[No. 10393.   Department Two.   October 16, 1912.]

ELIZA A. PHILLIPS, *Respondent*, v. MATTIE A. THOMAS, *Appellant*.[1]

HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—EVIDENCE—
WEALTH OF DEFENDANT—DAMAGES.  Punitive damages not being re-
coverable in this state, in an action for alienation of a husband's
affections, evidence that defendant frequently spoke to plaintiff's
husband of defendant's great wealth, is inadmissible, where there
was no evidence that she held out her wealth as an inducement for
the husband to divorce the plaintiff and marry her, or tending
to connect such evidence with other matters causing the alienation.

APPEAL—REVIEW—ERROR IN ADMISSION OF EVIDENCE—INSTRUC-
TIONS TO CURE ERROR.  Where the jury gave plaintiff a verdict for
$35,000 for the alienation of the affections of her husband, aged
nearly fifty years, by a woman of 56, it cannot be said that an in-
struction to disregard the wealth of the parties cured error in ad-
mitting evidence tending to show the defendant's great wealth.

HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—DAMAGES—
MITIGATION.  In an action for alienation of affections, the fact that
the husband and wife had been living separate and apart for three
years, and had little affection for one another, may be shown in
mitigation of damages.

SAME—ALIENATION OF AFFECTIONS—DAMAGES—EXCESSIVE VER-
DICT.  A verdict for $35,000 for alienation of a husband's affections,
reduced by the trial court to $25,000, is still so excessive and un-
reasonable as to raise a presumption of passion and prejudice, re-
quiring a new trial, where the parties were past middle life, had
been living separate and apart for three years, and had little af-
fection for one another.

Appeal from a judgment of the superior court for King
county, Myers, J., entered January 19, 1912, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for alienation of affections.   Reversed.

*Robert F. Booth* and *A. J. Falknor*, for appellant.

*Reynolds, Ballinger & Hutson*, for respondent.

[1]Reported in 127 Pac. 97.

ELLIS, J.—This is an action for the recovery of damages
for the alleged alienation of the affections of the plaintiff's
former husband. The jury returned a verdict against the
defendant for $35,000. The defendant moved seasonably for
a new trial upon all of the statutory grounds, and the court,
deeming the verdict excessive, overruled the motion upon the
condition that the plaintiff would remit $10,000 from the
verdict. The plaintiff accepted this condition, and a formal
judgment for $25,000 was entered against the defendant,
from which she has appealed.

There are many assignments of error, but we find it un-
necessary to discuss any of them except those which we find
well taken. Nor do we, in view of the fact that a new trial
must be had, find it necessary, or even proper, to discuss the
evidence further than as applicable to those assignments.

The respondent's son was permitted to testify, over the
appellant's objection, that he had on several occasions heard
the appellant speak to the respondent's former husband of ap-
pellant's great wealth, estimated at a million dollars or over,
that she had told him where it was located. There was no
evidence that this great wealth was held out by the appellant
as an inducement to respondent's husband to marry her, or
to induce him to divorce the respondent. Nor was there any
evidence tending to connect this evidence with other matters
charged as causing the alienation. It did appear, however,
that the respondent's former husband had business dealings
with the appellant for some time prior to the alleged aliena-
tion, and that he, the appellant, and her son organized a busi-
ness concern known as the Thomas-Phillips Investment Com-
pany, which reasonably accounts for an innocent mention of
her property. In the absence of evidence tending to show that
the appellant in some manner held out her wealth as an induce-
ment to respondent's former husband to desert the respondent,
the evidence complained of was inadmissible and its admission
was highly prejudicial. The court early committed itself
to the view that the doctrine of exemplary or punitive dam-

ages is unsound in principle, and that such damages cannot be recovered except when expressly allowed by statute. We have steadily held that, in the absence of such statutory sanction, compensatory damages only can be recovered in any case. *Spokane Truck & Dray Co. v. Hoefer*, 2 Wash. 45, 25 Pac. 1072, 26 Am. St. 842, 11 L. R. A. 689; *Atrops v. Costello*, 8 Wash. 149, 35 Pac. 620; *Woodhouse v. Powles*, 43 Wash. 617, 86 Pac. 1063, 117 Am. St. 1079, 8 L. R. A. (N. S.) 783; *Caldwell v. Northern Pac. R. Co.*, 56 Wash. 223, 105 Pac. 625; *Baer v. Chambers*, 67 Wash. 357, 121 Pac. 843. The rule has also become established, by an almost universal trend of authority, that evidence of a defendant's pecuniary resources is inadmissible in all cases where compensatory damages only are recoverable. Such evidence is only admissible as bearing upon the amount of punitive or exemplary damages which may be awarded. 13 Cyc. 212; 4 Ency. of Ev., 27; *Western Union Tel. Co. v. Cashman*, 132 Fed. 805; *Laidlaw v. Sage*, 158 N. Y. 73, 52 N. E. 679, 690, 44 L. R. A. 216; *Madigan v. Town of Schaghticoke*, 128 N. Y. Supp. 800.

In *Baer v. Chambers, supra,* we said:

"No decision has come to our attention holding such evidence admissible in states where the doctrine of punitive damages does not prevail. This court, in the early case of *Spokane Truck & Dray Co. v. Hoefer*, 2 Wash. 45, 25 Pac. 1072, 26 Am. St. 842, 11 L. R. A. 689, repudiated the doctrine of punitive damages as unsound in principle. The views there expressed have been consistently adhered to ever since. *Woodhouse v. Powles*, 43 Wash. 617, 86 Pac. 1063, 117 Am. St. 1079, 8 L. R. A. (N. S.) 783. This seems to remove the only basis upon which such evidence could be rendered admissible. It seems to us inconceivable that the amount of respondent's damages should be measured by the financial worth of appellant, when respondent has no right to punitive damages. We conclude that the admission of this testimony was such prejudicial error as entitles appellant to a new trial."

The same rule prevails in actions for alienation of affections.

"It was no doubt competent for either party to show plaintiff's occupation, and perhaps the social position of herself and husband, as bearing upon the value of her husband's consortium; but the wealth, rank, social position, or condition of defendant was wholly immaterial." *Bailey v. Bailey*, 94 Iowa 598, 63 N. W. 341.

The respondent contends that the admission of this evidence was cured by an instruction of the court directing the jury to "disregard the wealth and resources of the respective parties," in arriving at a verdict. But, in view of the enormous verdict actually rendered—$35,000 for the alienation of the affections of a man apparently near fifty years of age by a woman of fifty-six—we cannot say that the jury gave heed to the instructions and ignored her wealth in assessing the damages. The supreme court of Iowa, in an action of this same character and touching the admission of evidence of the same kind where a similar instruction was given, has used language so pertinent to the situation here presented that we quote it:

"It is contended by appellee, however, that, conceding the error, it was cured by an instruction given by the court in the charge to the jury. It is true that the court undertook, in the seventh paragraph of the charge, to limit the consideration of the evidence as to financial worth of the subject of the statement attributed to defendant, and to forbid consideration thereof in connection with the subject of damages. Now, ordinarily we say that an error in the admission of evidence is cured by an instruction directing that such evidence be disregarded, or limiting the consideration thereof to the subject-matter to which alone it may have relation. But the rule is not one of universal application. An error may be of such serious character that an instruction will not cure it. This we have often said. *Martin v. Orndorff*, 22 Iowa 505; *George v. Railroad*, 53 Iowa 504, 5 N. W. 615; *Hall v. Railroad*, 84 Iowa 311, 51 N. W. 150. Here, as we have seen, the evidence objected to was not competent for any purpose. Should we concede, however, that no serious harm

could have followed had such evidence been considered only in the connection as directed by the court in its instruction, still, having regard to the probabilities, we are united in the conclusion that the jury did not observe the limitation prescribed." *Flinders v. Bailey*, 133 Iowa 616, 111 N. W. 27.

The excessiveness of the verdict incontrovertibly shows that the jury was either influenced by the improper evidence or by improper motives of passion and prejudice. We cannot assume that it was not, at least in some degree, the former. The case of *Knapp v. Wing*, 72 Vt. 334, 47 Atl. 1075, cited by respondent, is not apposite. There the defendant, an aunt of the plaintiff's husband, had said to him that he could never have a cent of her property as long as he lived with the plaintiff, and in that connection evidence as to the amount of her property was held admissible. The threat being made as an inducement, the amount of her wealth was material as showing the probable effectiveness of the threat. There was no such warrant for the admission of the evidence here.

Touching the amount of the verdict, we have been cited to no case of this character later than the English case of *Duberley v. Gunning*, 4 Term Rep. (D. & E. 1792), 651, in which a verdict for as much as $25,000 has been sustained. Nor have we been cited to any American case, save one, where a verdict in excess of $15,000 has been upheld. In *Speck v. Gray*, 14 Wash. 589, 45 Pac. 143, under circumstances of peculiar aggravation, this court sustained a verdict for that amount. From decisions of other courts we have been cited to but one case where a verdict exceeding that sum was sustained. In *Waldron v. Waldron*, 45 Fed. 315, a verdict of $17,000 was upheld, the court expressly charging that, if the defendant's action was found wanton and malicious, punitive damages might be awarded; which, as we have seen, is contrary to the rule in this state. In *Lockwood v. Lockwood*, 67 Minn. 476, 70 N. W. 784, a verdict for $15,000 was, by a divided court, upheld, the majority opinion stating that, though the damages were seemingly large, the conduct of the

defendants appeared to have been wilful and malicious; which seems to indicate that the punitive idea to a degree influenced the decision. In *Williams v. Williams*, 20 Colo. 51, 37 Pac. 614, a verdict for $12,500 was sustained, under a statute allowing exemplary damages where the injury was attended by "fraud, malice, or insult, or a wanton and reckless disregard of the injured party's rights and feelings," the court holding that the jury was warranted in finding the defendant's conduct grossly unjustifiable.

The foregoing are the largest verdicts to which we have been cited as having been sustained by any court in a case of this kind, and in nearly all of them the punitive principle is distinctly recognized. We have been cited to no other decision sustaining a verdict in excess of $6,000 in a case of this nature. The evidence before us shows that the respondent's former husband, a mining broker, had, some three years prior to the alleged alienation and divorce, discontinued his business in Spokane and opened an office in Seattle, and that he and the respondent, for reasons of convenience, had been living separately, she in Spokane, he in Seattle, for the greater part of those three years. The only reason she gave for this separation was that she could not sell her home in Spokane. There was also evidence tending to show conduct on his part with other women than appellant, during this period, such as to indicate little affection for the respondent. These matters should have been considered in mitigation of damages. *Angell v. Reynolds*, 26 R. I. 160, 58 Atl. 625, 106 Am. St. 707.

Under all of the circumstances disclosed by the record, we are constrained to hold that the verdict was so excessive as to raise a presumption of passion and prejudice, and that, even as reduced by the trial court, it was grossly excessive. While we have in many cases, where a verdict has been found excessive, permitted the plaintiff to remit a portion of the recovery rather than grant a new trial unconditionally, we have in other cases, where the amount awarded was so exces-

sive and unreasonable as to be unaccountable except upon the theory that the jury was influenced by passion, prejudice, or a spirit of vindicativeness, refused to deprive the defendant of a new trial upon the whole case.  *Olson v. Northern Pac. R. Co.*, 49 Wash. 626, 96 Pac. 150, 18 L. R. A. (N. S.) 209; *Caldwell v. Northern Pac. R. Co.*, 56 Wash. 223, 105 Pac. 625.

The courts have often expressed a reluctance to reduce even excessive verdicts in actions for alienation of affections, because of the lack of any rational basis upon which to fix the proper amount.   But the same reason does not apply to the granting of a new trial where the verdict is palpably unreasonable.   The case before us calls for the latter course with peculiar emphasis.   The verdict, even after a reduction of $10,000 at the instance of the trial court, is still far in excess of that upheld in any modern case to which our attention has been called by either side, though in many of the jurisdictions from which the citations come, punitive damages were recoverable.   When we seek to analyze the frame of mind which would award $35,000 upon the evidence presented, an inquiry naturally arises as to what extent the same extravagant mental state may have entered into the jury's deliberations throughout.   Under these circumstances, as we said in the *Olson* case:   "It would be unjust to hold a litigant foreclosed by any of the findings."   Moreover, as we have seen, the evidence as to appellant's great wealth was admitted, and could have had no other effect than to improperly augment the recovery, but to what extent we are unable to say.

The judgment is reversed, and the cause remanded for a new trial.

Mount, C. J., Morris, and Fullerton, JJ., concur.