CHOWINS v. GYPSY OIL CO. et al.

No. 28812. Oct. 3, 1939.

Rehearing Denied Nov. 7, 1939.

W. W. Pryor, Hugh M. Sandlin, and C. E. Wilson, for plaintiff in error.

Anglin & Stevenson, O. S. Huser, and Miley, Hoffman, Williams, France & Johnson, for defendants in error.

BAYLESS, C. J. With a view to recovering damages which were alleged to have resulted from pollution of the stream running through a natural watercourse extending across farm lands owned by him, Harry Chowins, as plaintiff, instituted suit in the district court of Hughes county, Okla., against Gypsy Oil Company, a corporation, and certain other oil companies. In his amended petition he stated to the effect that his farm lands had depreciated in value in that, as a result of the pollutions of the waters of said stream by and through alleged acts of the defendants, said waters had become totally and permanently unfit for use in watering livestock and for irrigation purposes. He alleged also the loss of approximately four acres of a growing crop of tomatoes as a result of having irrigated said acreage with contaminated water from said stream; and a further loss of approximately 14 acres of other growing vegetables, through being deprived of water with which to irrigate the land upon which said vegetables were being grown. He claimed damages in amounts totaling $14,000. The defendants pleaded, inter alia, general denial, and the statute of limitations. A trial by jury was had and resulted in a verdict finding generally for the defendants and that the plaintiff take nothing by his action; whereupon judgment was accordingly rendered by the trial court. The plaintiff has appealed; and in his brief presents two propositions, in language as follows:

"(1) The court erred in admitting incompetent, irrelevant and immaterial testimony offered by the defendants during the course of the trial, and also in excluding competent, relevant and material testimony offered on behalf of the plaintiff."

"(2) The court erred in giving instructions Nos. 4, 5, 6, 7, 8, and 9."

The plaintiff's contention that the trial court permitted the defendants to introduce incompetent, irrelevant, and immaterial testimony appears as being directed at the action of the court in permitting the defendants to introduce in evidence a certain exhibit, identified in the record as "Defendants' Exhibit 2." This exhibit, it appears, is an original instrument, in substance a statement of a claim of damages, which on or about March 2, 1934, the plaintiff signed and delivered to the secretary of an organization known as Oklahoma City Producers Assóciation, and wherein plaintiff stated to the effect that he claimed damages in amount of $750 by reason of having been deprived, since January 1, 1933, of a watering place for his livestock, on account of the pollution of the North Canadian river—the stream running through the natural watercourse extending across his farm lands. Said statement contains no mention of any claim of damage by reason of the waters of said stream being rendered unfit for irrigation purposes, but it does contain a statement to the effect that the claimant "certifies" that his claim for loss of a watering place for his livestock "constitutes a full, true, and complete statement of all damages claimed to have been sustained by reason of any acts on the part of all persons, firms and/or corporations, their (its) agents and employees, operating for oil and/or gas in the Oklahoma City field, occurring prior to the date hereof." And, further, that "it is understood that the taking of the above claim by all persons, firms," etc., "operating for oil and/or gas in the Oklahoma City field, shall neither constitute an admission or denial of liability for said loss on the part of said persons, firms," etc., "but it is taken by said persons, firms," etc., "for the purpose of investigation only." From the record it appears that at the time the defendants' counsel offered the aforementioned exhibit in evi-

632

dence the plaintiff's counsel interposed only the general objections of "incompetency, irrelevancy, and immateriality," but the record does not disclose that the plaintiff's counsel then and there stated wherein or in what respect he considered said exhibit to be incompetent, irrelevant, or immaterial. And in his brief in this appeal said counsel only elaborates said general objections to the extent of urging that: "The court can readily see that this exhibit can have nothing whatever to do with this lawsuit other than prejudice the rights of the plaintiff," and, "It is so elementary that an offer of compromise or settlement not consummated is never admissible in evidence that it needs no citation of authorities here sustaining our position." The defendants, in their brief, take a position to the effect that, inasmuch as they had in their answer pleaded the statute of limitations as one of their defenses, and the plaintiff having in the exhibit "placed his damages two years and one month next prior to the time of filing of the suit," said exhibit was admissible in evidence, therefore, "as a statement by the plaintiff himself as to when his damages occurred, under the general rule of evidence of an admission against interest."

The record does not reflect that the exhibit in question was offered in evidence for the purpose of showing an "offer of compromise or settlement," or that the trial court admitted it in evidence for that purpose. Said court's instruction numbered 8, given to the jury, reflects the purpose for which said exhibit was admitted in evidence. It being therein stated, with reference to the exhibit and the testimony related thereto, that same was permitted to be introduced "for the purpose" of assisting the jury, if they found such a claim statement had been made, "in determining when, if ever, it became apparent to the plaintiff that said stream was being damaged" as a watering place for the plaintiff's livestock. And in said instruction the jury was also advised that the plaintiff, by making such a claim statement, if he did make same, was "not bound in this action, nor limited thereby in this action in his cause of action against the defendants," and that the plaintiff had a right, notwithstanding it should be found he made such a claim statement, "to maintain this action for permanent damages to his lands and to sue therefor in such sum as he believes his property to be damaged by reason of the permanent destruction of said water for stock and irrigation purposes, if same has been so destroyed." We therefore do not agree with

the plaintiff's contention respecting the admissibility of the exhibit.

The contention by the plaintiff that the trial court excluded competent, relevant, and material testimony offered on behalf of the plaintiff appears as being directed against the action of the court in refusing to admit in evidence a certain line of testimony which the plaintiff's counsel offered at a time when the trial had progressed to the rebuttal stage. Said counsel, it appears, with respect to two certain organizations identified by name as Oklahoma City Producers Association and Seminole Producers Association—and not parties to the action—made offer of proof to the effect that said organizations are each composed of numerous oil companies operating in the Oklahoma City and Seminole fields; that the defendants are members of one or the other of said organizations; and that when a member company is sued, the organization of which such company is a member "represents and defends that suit as an association"; and that member companies "all join in discharging whatever judgment is obtained whenever one is sued." From our examination of the record we find nothing in the issues presented by the pleadings, or by the evidence in chief, to warrant this proof which plaintiff's counsel offered. The plaintiff in his petition neither alleged nor claimed exemplary damages, but alleged only with a view to recovering compensatory damages. The rule that evidence of a defendant's pecuniary resources is inadmissible in cases where compensatory damages only are recoverable is well established. 15 Am. Jur., Damages, § 345. Phillips v. Thomas, 70 Wash. 533, 127 P. 97, 42 L. R. A. (N. S.) 582, Ann. Cas. 1914B, 800. And we conclude, therefore, that the action of the trial court in excluding the testimony evidenced by the offer was proper.

The contention made on behalf of the plaintiff that the trial court erred in giving certain instructions to the jury will not be entertained, for the reason that it appears from the record before us the exceptions to said instructions are lacking in authentication, in that the signature of the trial judge is nowhere affixed in relation thereto. By section 360, O. S. 1931 (12 Okla. St. Ann. § 578) it is provided that:

"A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction 'Refused and

excepted to,' or 'Given and excepted to,' which shall be signed by the judge."

These provisions are mandatory, and, unless complied with, instructions complained of cannot be reviewed on appeal. Bartlesville Interurban Ry. Co. v. Quaid, 51 Okla. 166, 151 P. 891; Potter v. Bond, 98 Okla. 135, 224 P. 537; Wayne Tank & Pump Co. v. Harper, 118 Okla. 274, 247 P. 985; Scott v. Scott, 129 Okla. 176, 264 P. 159; Shobe v. Sykes, 169 Okla. 491, 37 P.2d 908; Jewell Tea Co. v. Ransdell, 180 Okla. 203, 69 P.2d 69.

The judgment of the trial court is affirmed.

Affirmed.

RILEY, HURST, DAVISON, and DANNER, JJ., concur.